### SIMONDS and others *v.* PEARCE.

*(Circuit Court, D. South Carolina.* April 10, 1887.)

1. ATTACHMENT—NON-RESIDENCE—PROPERTY WITHIN JURISDICTION.

Where, on the trial of the claim of a non-resident intervening claimant of chattels, attached under the law of South Carolina as the property of a non-resident debtor, the jury have found for the intervenor, the verdict is conclusive that such debtor has no title in the goods attached; and, in the absence of proof of other property within the jurisdiction of the court, the attachment suit should be dismissed.

2. SAME—FICTITIOUS CREDIT.

A contract for the digging of an artesian well which, in express terms, provides that the contractor shall be entitled to be paid for work done thereunder "only on the completion of the whole work," is an entire contract; and it is not competent for the other contracting party, in a suit by him to recover for the non-performance of the contract, to allow a credit of $500 for work done, for the purpose of sustaining an attachment on the grounds of non-residence.

3. SAME—WHAT SUBJECT TO—EQUITY IN CHATTEL MORTGAGE.

In South Carolina a mortgagee of chattels is the legal owner, and the chattels so mortgaged cannot be attached for a debt of the mortgagor. A mortgagor has, therefore, no property in such chattels sufficient, in case of his non-residence, to support an attachment on that ground.

Motion to Dismiss for want of jurisdiction.

*Brawley & Barnwell,* for plaintiffs.

*Mitchell & Smith* and *Bryan & Bryan,* for defendant.

Before BOND and SIMONTON, JJ.

BY THE COURT. An attachment was issued out of the state court against certain chattels, as the property of Charles D. Pearce. The ground of the attachment was that Pearce was a non-resident, and absent from the state. Thereupon Joseph McGee, pursuing the provisions of the Code of Procedure, intervened, claiming that the chattels attached were his property. An issue was ordered by the circuit judge to try the issue made upon the denial of this claim. The cause at this stage was removed into this court, McGee being a citizen of New York. Upon the trial of the issue in this court the jury found that the property in the chattels was in McGee.

The case being now up for trial, the defendant, who has entered a limited appearance for the purpose, moves to dismiss the case for want of jurisdiction. The ground is that he had no property in the goods attached, and that he had no other property within the jurisdiction of this court. The jury have found that the goods attached are the property of McGee. This seems to end that question. But it is maintained that Pearce has a right to an account against McGee, because the evidence discloses the fact that he has title in them as mortgagee under a mortgage executed by Pearce. In South Carolina a mortgagee of the chattel is the legal owner. The chattel so mortgaged cannot be levied on or attached for a debt of the mortgagor. *Levi v. Legg,* 23 S. C. 282. The same evidence offered in this case was used on the trial of the issue made by McGee. It discloses the fact, which is uncontradicted, that

the chattels are now worth $1,500, and that the mortgage debt exceeds $2,000. It must be noted that the chattels are attached; that McGee is not a garnishee; and that no claim of any kind against him by plaintiffs appears on the record. He is absent, and a resident of New York. A claim against him by Pearce, also a non-resident, whether for an account or any thing else, is not properly within this jurisdiction.

The plaintiffs, since this term began, admitted in writing on the record that Pearce is entitled to a credit of $500, which they agree to allow to him upon the damages recoverable by them in this suit. They maintain that this credit, which the marshal says he has attached, will save the jurisdiction. The action is for non-performance of a contract to dig an artesian well. This $500 is a sum the plaintiffs are willing to allow for work done in part performance of the contract. Pearce has made no claim for such an allowance. He could not show himself entitled to it. The contract for non-performance of which this suit was brought is in evidence in this case. It is an entire contract. In express terms it provides that Pearce shall be entitled to be paid for work done thereunder "only on the completion of the whole work." The gist of this action is that the work has not been completed. The admission of the plaintiffs is at variance with their contract, and the case made. It cannot be made and used by them simply for the purpose of creating jurisdiction. No one can be made a party to a cause *in invitum*, unless he be found within, or has property which can be reached within, the jurisdiction of the court in which the cause is brought. In this case, the chattels attached are not the property of the defendant. The other matters styled matters of account are not properly in this jurisdiction.

The attachment will not lie. Plaintiffs may discontinue, or take a nonsuit, if they prefer.